(20 Misc. Rep. 118.)

HOWARD v. ST. LAWRENCE LIFE ASS'N OF CITY OF NEW YORK.

(Supreme Court, Appellate Term. April 26, 1897.)

EVIDENCE—SUFFICIENCY—PROOF OF EARNINGS.
   Testimony of plaintiff that his earnings averaged $20 per week, but that he kept no books of account, and therefore could not give the items, is sufficient to sustain a finding that his earnings amounted to the sum stated.

Appeal from Sixth district court.

Action by Thomas Howard against the St. Lawrence Life Association of the City of New York on an accident insurance policy. Judgment was entered on a verdict in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Abel Crook, for appellant.

Greene & Johnson, for respondent.

BISCHOFF, J. This action was brought upon a policy of accident insurance, and it is not disputed that the proof of the plaintiff's injuries, and of the period of their endurance, sufficiently supported the finding in his favor; nor was any affirmative defense to the policy interposed in the court below. One question only is raised by the appellant, and this has to do with the sufficiency of the proof of pecuniary loss furnished by the plaintiff at the trial, in view of a provision of the contract expressed in the application for insurance as follows:

"I am aware and agree that I shall not be entitled, from my aggregate insurance, to a sum for disabling injuries or sickness during disability in excess of my ordinary salary or wages, or average weekly earnings during the year immediately preceding the beginning of disability."

Upon his direct examination the plaintiff testified that his income, derived from his occupation as an insurance agent, had averaged $20 per week for the year preceding the date of the accident in question; and this statement he maintained upon his cross-examination, but without particularity as to the items which went to make up this income, claiming that he kept no books of account. He did, however, give the names of some of his employers during that period, and had named them also in his proofs of loss originally furnished to the defendant; but the latter did not produce evidence to contradict him upon this point, while thus apprised of possible witnesses to disprove his story if untrue. The whole contention is that the general statement of plaintiff's income was not sufficient, as proof, to call for a submission of the case to the jury; and, while the point was appro-

priately raised by motion at the trial, we think that the justice's adverse ruling was correct, beyond question. Apart from the condition above quoted, the terms of the policy required the defendant to pay the sum of $25 per week to the plaintiff during the period of disability, but, by the force of the condition, the obligation to pay became restricted to the amount of the plaintiff's average weekly earnings; and while we may assume that the contract, as framed, cast the burden of proof upon the insured, still the plaintiff was required to do no more than furnish acceptable legal proof that his income averaged a certain amount weekly. This is precisely what he did, since his testimony that his income averaged $20 per week, taken with his explanation of his inability to furnish the actual figures, could well be accepted by the jury as proof of the fact; the state of the witness' income, generally, being a matter to which he was peculiarly competent to testify, in the nature of the thing, and this general statement being the best evidence at his command, under the circumstances of the case. The condition of the policy did not prescribe the form of proof as to the insured's income, which must needs be resorted to in support of the cause of action; and it would have been error to withhold the case from the jury upon the ground of insufficiency of the evidence in this aspect, when the plaintiff's testimony directly supported the fact at issue,—that testimony, if in any way objectionable, having been admitted to the record without challenge. The recovery was based upon the plaintiff's weekly earnings of $20, and, so far as the return discloses, the verdict appears to have been a just one.

Judgment affirmed, with costs. All concur.